LAW OFFICES OF
**IZIDOR MIKHLI**
2995 Quentin Road,
Brooklyn, New York 11229

*Via Email*                                                                                          December 15, 2017

Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004

ATTN: BRIAN HSU

RE:
Premises: 1988 Morris Ave, Bronx NY

Mr. Hsu,

    I am in receipt of your Time of the Essence letter and unilaterally reject it as follows:

1) The notice provided in your letter is insufficient as Riverside Abstract, the title company has advised us that no one from your offices have been in contact with them regarding clearing title.
2) Unless I have confirmation from the title company that you are ready, willing and able to deliver clear title at Closing, this TOE is premature and being untimely, is hereby rejected.
3) After entering into such a contract, the contract vendee discovered that there was substantial damage to the Premises which if not repaired would incur further deterioration and damages to the Premises. Such damages to the Premises left the Premises in a condition that were in no way similar to what was represented to the contract vendee at the time of entering into such contract of sale. Despite such substantial damage to the Premises including structural damage this has not been addressed by your clients.

    Let us reconvene and discuss an appropriate closing date which my client will make his best efforts to comply with.

                                             Very truly yours,

                                             Izidor Mikhli, Esq.

LAW OFFICES OF
**IZIDOR MIKHLI**
2995 Quentin Road,
Brooklyn, New York 11229

*Via Email*                                                                                           December 15, 2017

Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004

ATTN: BRIAN HSU

                              RE:
                     Premises: 1974 Morris Ave, Bronx
                                 1821 Topping Ave, Bronx
                                 1143 Forrest Ave, Bronx

Mr. Hsu,

      I am in receipt of your Time of the Essence letter for scheduling a closing for these Premises and unilaterally reject it as follows:

1) The notice provided in your letter is insufficient as Riverside Abstract, the title company has advised us that no one from your offices have been in contact with them regarding clearing title. Further, 1821 Topping Ave has a lis pendens filed against the Property which is not yet clear as per Title.
2) Unless I have confirmation from the title company that you are ready, willing and able to deliver clear title at Closing, this TOE is premature and being untimely, is hereby rejected.

      Let us reconvene and discuss an appropriate closing date which my client will make his best efforts to comply with.

                                                   Very truly yours,

                                                   _____
                                                   Izidor Mikhli, Esq.

LAW OFFICES OF
**IZIDOR MIKHLI**
2995 Quentin Road,
Brooklyn, New York 11229

*Via E-mail*                                                                                            December 15, 2017

Goldstein Hall PLLC

80 Broad Street, Suite 303

New York, NY 10004

ATTN: BRIAN HSU

RE:  770 Beck LLC to Beck/Morris Mazel LLC
Premises: 770 Beck Street, Bronx, NY 10455

Mr. Hsu,

I am in receipt of your Time of the Essence letter and unilaterally reject it as follows:

1) The notice provided in your letter is insufficient as Riverside Abstract, the title company has advised us that no one from your offices have been in contact with them regarding clearing title.
2) Unless I have confirmation from the title company that you are ready, willing and able to deliver clear title at Closing, this TOE is premature and being untimely, is hereby rejected.
3) Further, the lease presented to us for the 1st floor of this Premises was fraudulent and thus a misrepresentation of a material fact, which was one of the base inducement for entering into such a contract of sale.

Let us reconvene and discuss an appropriate closing date which my client will make his best efforts to comply with.

Very truly yours,

_____
Izidor Mikhli, Esq.