

Client Focused. Results Driven.

December 19, 2017

**VIA EMAIL AND CERTIFIED MAIL**

The Law Offices of Izidor Mikhli, PLLC
2995 Quentin Road
Brooklyn, New York 11229
Attention: Izidor Mikhli, Esq.

Re: Seller: 1143 Forest Ave LLC
    Purchaser: FMTB BH LLC
    Premises: 1143 Forest Avenue, Bronx, New York 10456

Dear Mr. Mikhli:

    As you are aware, this Firm represents the above-referenced Seller. We are in receipt of your rejection of Time of the Essence Letter dated December 15, 2017 (but actually received on December 18, 2017) ("Rejection Letter"). In your Rejection Letter, you state two alleged failures preventing the Seller from enforcing its rights under that certain Contract of Sale for the Premises, and schedules, exhibits and riders thereto, executed by and between the above-referenced Seller and Purchaser dated as of June 19, 2017 ("Original Contract") and amended by that certain Addendum dated October 4, 2017 ("Addendum," along with the Original Contract collectively, referred to as the "Contract"). Both allegations have no merit and must be dismissed entirely.

    First, the Purchaser incorrectly claims that Riverside Abstract has not been contacted to schedule a closing date. In fact, on December 14, 2017 and December 15, 2017, our office corresponded with Leah Newman of Riverside Abstract. See Exhibit A. Our office provided her documents to clear certain title matters and requested a closer for the closing. Ms. Newman confirmed receipt of the initial email.

    Second, the Purchaser incorrectly claims that Seller was not ready, willing and able to close on the transaction and deliver clear title at Closing. In fact, title clearance documents were sent to Purchaser's title company prior to the closing. Furthermore, pursuant to the Contract, the Purchaser agreed to an "set a Time of the Essence closing date of December 18, 2017 ("TOE Closing Date")." On December 18, 2017, the closing was held at our office in the presence of a court reporter. You and your client failed to appear even though prior written notice was given to you of the time and location of the closing. At the closing, we evidenced the Seller's ability to transfer title in accordance with the Contract, which included, but not limited to, the proper authorizations, mortgage payoff letters, bargain and sale deed and ACRIS documents.

In conclusion, your client's failure to close on the transaction by the mutually agreed to Time of the Essence date of December 18, 2017 pursuant to Section 4 of the Addendum is a default under the Contract. Pursuant to Section 23(a) of the Contract, our client deems the Contract cancelled and null and void. The Seller shall retain the Downpayment and Additional Downpayment as liquidated damages. Furthermore and only to the extent applicable, the Purchaser's access and license to the Premises shall be revoked and terminated, and Purchaser shall advise its employees, consultants, contractors and other agents to withdraw itself and any materials or supplies stored at the Premises no later than 5:00 PM EST on December 20, 2017.

**Please note that this correspondence shall not serve to act as a waiver of any other of Seller's rights and remedies, all of which are expressly reserved.**

Should you have any questions or need additional information, then please contact me at bhsu@goldsteinhall.com or 646-768-4103.

Regards,

GOLDSTEIN HALL PLLC

Name: Brian Hsu, Esq.
Title: Partner

**Brian Hsu** Exhibit A

**From:** Leah Newman <LNewman@rsabstract.com>
**Sent:** Thursday, December 14, 2017 3:14 PM
**To:** Brian Hsu
**Cc:** Benjamin Schachter
**Subject:** RE: RANY-27281

Hi Brian,
Thanks for sending these over. I will review and get back to you.

**Leah Newman** • ***NY Title Coordinator***
| d: 718.215.5119 | o: 718.252.4200
| e: lnewman@rsabstract.com
| 212 Second Street | Suite 502 | Lakewood, NJ 08701

Riverside | 1031 | Tacs | Suites | LinkedIn | Facebook | Twitter | YouTube

**From:** Brian Hsu [mailto:bhsu@goldsteinhall.com]
**Sent:** Thursday, December 14, 2017 11:56 AM
**To:** Leah Newman <LNewman@rsabstract.com>
**Cc:** Benjamin Schachter <bschachter@goldsteinhall.com>
**Subject:** RANY-27281

**Attention: This message was sent by an external sender. Do not open attachments or click on links from unknown senders or unexpected emails.**

---

Good Morning Leah,

I am representing the sellers on this matter. I am reaching out to request a closer for our closing on Monday, Dec. 18 at 10:00 AM at my office. We expect the purchaser to show up as this is a TOE closing date. Regardless, we would still like to clear up any title issues in advance of the closing. I have attached the following:

1) Org. docs for the sellers
2) Resolutions for the sellers appointing me as the signatory. I'll provide signed ones at closing (if not before)
3) Exception # 8 b, c and d – these are against prior sellers or held in escrow so I can put you in touch with our title company to omit if not already done so.
4) Exception #8 a e, f, g or h – they are either against similar names or we'll pay/hold.
5) Exception 28/37 – I have attached the bankruptcy order that should resolve this issue. If not, please let me know.
6) Mortgages - Payoff letters for various mortgages attached.

I'll provide the draft deeds and ACRIS under separate cover. Let me know if I have not taken of anything.

Looking forward to working with you.

Thanks,



**Brian Hsu**
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004
D: 646.768.4103
O: 646.768.4100
F: 646.219.2450
E: bhsu@goldsteinhall.com
W: www.goldsteinhall.com

please consider the environment before printing this email.

CONFIDENTIALITY: This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.



Client Focused. Results Driven.

December 19, 2017

**VIA EMAIL AND CERTIFIED MAIL**

The Law Offices of Izidor Mikhli, PLLC
2995 Quentin Road
Brooklyn, New York 11229
Attention: Izidor Mikhli, Esq.

Re: Seller:      1821 Topping Ave LLC
    Purchaser:   FMTB BH LLC
    Premises:    1821 Topping Avenue, Bronx, New York 10457

Dear Mr. Mikhli:

As you are aware, this Firm represents the above-referenced Seller. We are in receipt of your rejection of Time of the Essence Letter dated December 15, 2017 (but actually received on December 18, 2017) ("Rejection Letter"). In your Rejection Letter, you state two alleged failures preventing the Seller from enforcing its rights under that certain Contract of Sale for the Premises, and schedules, exhibits and riders thereto, executed by and between the above-referenced Seller and Purchaser dated as of June 19, 2017 ("Original Contract") and amended by that certain Addendum dated October 4, 2017 ("Addendum," along with the Original Contract collectively, referred to as the "Contract"). Both allegations have no merit and must be dismissed entirely.

First, the Purchaser incorrectly claims that Riverside Abstract has not been contacted to schedule a closing date. In fact, on December 14, 2017 and December 15, 2017, our office corresponded with Leah Newman of Riverside Abstract. See Exhibit A. Our office provided her documents to clear certain title matters and requested a closer for the closing. Ms. Newman confirmed receipt of the initial email. In contradiction to your Rejection Letter, no lis pendens has been filed against the Premises as evidenced by that certain title report from Riverside Abstract (title # RANY-27281).

Second, the Purchaser incorrectly claims that Seller was not ready, willing and able to close on the transaction and deliver clear title at Closing. In fact, title clearance documents were sent to Purchaser's title company prior to the closing. Furthermore, pursuant to the Contract, the Purchaser agreed to an "set a Time of the Essence closing date of December 18, 2017 ("TOE Closing Date")." On December 18, 2017, the closing was held at our office in the presence of a court reporter. You and your client failed to appear even though prior written notice was given to you of the time and location of the closing. At the closing, we evidenced the Seller's ability to transfer title in accordance

with the Contract, which included, but not limited to, the proper authorizations, mortgage payoff letters, bargain and sale deed and ACRIS documents.

In conclusion, your client's failure to close on the transaction by the mutually agreed to Time of the Essence date of December 18, 2017 pursuant to Section 4 of the Addendum is a default under the Contract. Pursuant to Section 23(a) of the Contract, our client deems the Contract cancelled and null and void. The Seller shall retain the Downpayment and Additional Downpayment as liquidated damages. Furthermore and only to the extent applicable, the Purchaser's access and license to the Premises shall be revoked and terminated, and Purchaser shall advise its employees, consultants, contractors and other agents to withdraw itself and any materials or supplies stored at the Premises no later than 5:00 PM EST on December 20, 2017.

**Please note that this correspondence shall not serve to act as a waiver of any other of Seller's rights and remedies, all of which are expressly reserved.**

Should you have any questions or need additional information, then please contact me at bhsu@goldsteinhall.com or 646-768-4103.

Regards,

GOLDSTEIN HALL PLLC

Name: Brian Hsu, Esq.
Title: Partner

**Brian Hsu** Exhibit A

**From:** Leah Newman <LNewman@rsabstract.com>
**Sent:** Thursday, December 14, 2017 3:14 PM
**To:** Brian Hsu
**Cc:** Benjamin Schachter
**Subject:** RE: RANY-27281

Hi Brian,
Thanks for sending these over. I will review and get back to you.

**Leah Newman** • ***NY Title Coordinator***
| d: 718.215.5119 | o: 718.252.4200
| e: lnewman@rsabstract.com
| 212 Second Street | Suite 502 | Lakewood, NJ 08701

Riverside | 1031 | Tacs | Suites | LinkedIn | Facebook | Twitter | YouTube

**From:** Brian Hsu [mailto:bhsu@goldsteinhall.com]
**Sent:** Thursday, December 14, 2017 11:56 AM
**To:** Leah Newman <LNewman@rsabstract.com>
**Cc:** Benjamin Schachter <bschachter@goldsteinhall.com>
**Subject:** RANY-27281

**Attention: This message was sent by an external sender. Do not open attachments or click on links from unknown senders or unexpected emails.**

---

Good Morning Leah,

I am representing the sellers on this matter. I am reaching out to request a closer for our closing on Monday, Dec. 18 at 10:00 AM at my office. We expect the purchaser to show up as this is a TOE closing date. Regardless, we would still like to clear up any title issues in advance of the closing. I have attached the following:

1) Org. docs for the sellers
2) Resolutions for the sellers appointing me as the signatory. I'll provide signed ones at closing (if not before)
3) Exception # 8 b, c and d – these are against prior sellers or held in escrow so I can put you in touch with our title company to omit if not already done so.
4) Exception #8 a e, f, g or h – they are either against similar names or we'll pay/hold.
5) Exception 28/37 – I have attached the bankruptcy order that should resolve this issue. If not, please let me know.
6) Mortgages - Payoff letters for various mortgages attached.

I'll provide the draft deeds and ACRIS under separate cover. Let me know if I have not taken of anything.

Looking forward to working with you.

Thanks,



**Brian Hsu**
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004
D: 646.768.4103
O: 646.768.4100
F: 646.219.2450
E: bhsu@goldsteinhall.com
W: www.goldsteinhall.com

please consider the environment before printing this email.

CONFIDENTIALITY: This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.



Client Focused. Results Driven.

December 19, 2017

**VIA EMAIL AND CERTIFIED MAIL**

The Law Offices of Izidor Mikhli, PLLC
2995 Quentin Road
Brooklyn, New York 11229
Attention: Izidor Mikhli, Esq.

Re:   Seller:        1974 Morris Ave LLC
      Purchaser:   FMTB BH LLC
      Premises:    1974 Morris Avenue, Bronx, New York 10457

Dear Mr. Mikhli:

      As you are aware, this Firm represents the above-referenced Seller. We are in receipt of your rejection of Time of the Essence Letter dated December 15, 2017 (but actually received on December 18, 2017) ("Rejection Letter"). In your Rejection Letter, you state two alleged failures preventing the Seller from enforcing its rights under that certain Contract of Sale for the Premises, and schedules, exhibits and riders thereto, executed by and between the above-referenced Seller and Purchaser dated as of June 19, 2017 ("Original Contract") and amended by that certain Addendum dated October 4, 2017 ("Addendum," along with the Original Contract collectively, referred to as the "Contract"). Both allegations have no merit and must be dismissed entirely.

      First, the Purchaser incorrectly claims that Riverside Abstract has not been contacted to schedule a closing date. In fact, on December 14, 2017 and December 15, 2017, our office corresponded with Leah Newman of Riverside Abstract. See Exhibit A. Our office provided her documents to clear certain title matters and requested a closer for the closing. Ms. Newman confirmed receipt of the initial email.

      Second, the Purchaser incorrectly claims that Seller was not ready, willing and able to close on the transaction and deliver clear title at Closing. In fact, title clearance documents were sent to Purchaser's title company prior to the closing. Furthermore, pursuant to the Contract, the Purchaser agreed to an "set a Time of the Essence closing date of December 18, 2017 ("TOE Closing Date")." On December 18, 2017, the closing was held at our office in the presence of a court reporter. You and your client failed to appear even though prior written notice was given to you of the time and location of the closing. At the closing, we evidenced the Seller's ability to transfer title in accordance with the Contract, which included, but not limited to, the proper authorizations, mortgage payoff letters, bargain and sale deed and ACRIS documents.

In conclusion, your client's failure to close on the transaction by the mutually agreed to Time of the Essence date of December 18, 2017 pursuant to Section 4 of the Addendum is a default under the Contract. Pursuant to Section 23(a) of the Contract, our client deems the Contract cancelled and null and void. The Seller shall retain the Downpayment and Additional Downpayment as liquidated damages. Furthermore and only to the extent applicable, the Purchaser's access and license to the Premises shall be revoked and terminated, and Purchaser shall advise its employees, consultants, contractors and other agents to withdraw itself and any materials or supplies stored at the Premises no later than 5:00 PM EST on December 20, 2017.

**Please note that this correspondence shall not serve to act as a waiver of any other of Seller's rights and remedies, all of which are expressly reserved.**

Should you have any questions or need additional information, then please contact me at bhsu@goldsteinhall.com or 646-768-4103.

Regards,

GOLDSTEIN HALL PLLC

Name: Brian Hsu, Esq.
Title: Partner

**Brian Hsu** Exhibit A

**From:** Leah Newman <LNewman@rsabstract.com>
**Sent:** Thursday, December 14, 2017 3:14 PM
**To:** Brian Hsu
**Cc:** Benjamin Schachter
**Subject:** RE: RANY-27281

Hi Brian,
Thanks for sending these over. I will review and get back to you.

**Leah Newman** • ***NY Title Coordinator***
| d: 718.215.5119 | o: 718.252.4200
| e: lnewman@rsabstract.com
| 212 Second Street | Suite 502 | Lakewood, NJ 08701

Riverside | 1031 | Tacs | Suites | LinkedIn | Facebook | Twitter | YouTube

**From:** Brian Hsu [mailto:bhsu@goldsteinhall.com]
**Sent:** Thursday, December 14, 2017 11:56 AM
**To:** Leah Newman <LNewman@rsabstract.com>
**Cc:** Benjamin Schachter <bschachter@goldsteinhall.com>
**Subject:** RANY-27281

**Attention: This message was sent by an external sender. Do not open attachments or click on links from unknown senders or unexpected emails.**

---

Good Morning Leah,

I am representing the sellers on this matter. I am reaching out to request a closer for our closing on Monday, Dec. 18 at 10:00 AM at my office. We expect the purchaser to show up as this is a TOE closing date. Regardless, we would still like to clear up any title issues in advance of the closing. I have attached the following:

1) Org. docs for the sellers
2) Resolutions for the sellers appointing me as the signatory. I'll provide signed ones at closing (if not before)
3) Exception # 8 b, c and d – these are against prior sellers or held in escrow so I can put you in touch with our title company to omit if not already done so.
4) Exception #8 a e, f, g or h – they are either against similar names or we'll pay/hold.
5) Exception 28/37 – I have attached the bankruptcy order that should resolve this issue. If not, please let me know.
6) Mortgages - Payoff letters for various mortgages attached.

I'll provide the draft deeds and ACRIS under separate cover. Let me know if I have not taken of anything.

Looking forward to working with you.

Thanks,



**Brian Hsu**
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004
D: 646.768.4103
O: 646.768.4100
F: 646.219.2450
E: bhsu@goldsteinhall.com
W: www.goldsteinhall.com

 please consider the environment before printing this email.

CONFIDENTIALITY: This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.



Client Focused. Results Driven.

December 19, 2017

**VIA EMAIL AND CERTIFIED MAIL**

The Law Offices of Izidor Mikhli, PLLC
2995 Quentin Road
Brooklyn, New York 11229
Attention: Izidor Mikhli, Esq.

Re: Seller: 1988 Morris Ave LLC
Purchaser: FMTB BH LLC
Premises: 1988 Morris Avenue, Bronx, New York 10453

Dear Mr. Mikhli:

As you are aware, this Firm represents the above-referenced Seller. We are in receipt of your rejection of Time of the Essence Letter dated December 15, 2017 (but actually received on December 18, 2017) ("Rejection Letter"). In your Rejection Letter, you state three alleged failures preventing the Seller from enforcing its rights under that certain Contract of Sale for the Premises, and schedules, exhibits and riders thereto, executed by and between the above-referenced Seller and Purchaser dated as of June 19, 2017 ("Original Contract") and amended by that certain Addendum dated October 4, 2017 ("Addendum," along with the Original Contract collectively, referred to as the "Contract"). All three allegations have no merit and must be dismissed entirely.

First, the Purchaser incorrectly claims that Riverside Abstract has not been contacted to schedule a closing date. In fact, on December 14, 2017 and December 15, 2017, our office corresponded with Leah Newman of Riverside Abstract. See Exhibit A. Our office provided her documents to clear certain title matters and requested a closer for the closing. Ms. Newman confirmed receipt of the initial email.

Second, the Purchaser incorrectly claims that Seller was not ready, willing and able to close on the transaction and deliver clear title at Closing. In fact, title clearance documents were sent to Purchaser's title company prior to the closing. Furthermore, pursuant to the Contract, the Purchaser agreed to an "set a Time of the Essence closing date of December 18, 2017 ("TOE Closing Date")." On December 18, 2017, the closing was held at our office in the presence of a court reporter. You and your client failed to appear even though prior written notice was given to you of the time and location of the closing. At the closing, we evidenced the Seller's ability to transfer title in accordance with the Contract, which included, but not limited to, the proper authorizations, mortgage payoff letters, bargain and sale deed and ACRIS documents.

Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004
O 646.768.4100 F 646.219.2450 E info@goldsteinhall.com W www.goldsteinhall.com

Third, the Purchaser incorrectly claims that substantial damage was discovered after entering into the contract for the Premises. In fact, the Premises is in the same substantial condition, subject to reasonable use, wear, tear and natural deterioration, as it was when the Contract was executed. Furthermore, pursuant to Section 5 of the Addendum, the Premises is to be sold in an "AS-IS" condition. The Purchaser provides no evidence to the contrary. Therefore, the Purchaser fails to prove this allegation.

In conclusion, your client's failure to close on the transaction by the mutually agreed to Time of the Essence date of December 18, 2017 pursuant to Section 4 of the Addendum is a default under the Contract. Pursuant to Section 23(a) of the Contract, our client deems the Contract cancelled and null and void. The Seller shall retain the Downpayment and Additional Downpayment as liquidated damages. Furthermore and only to the extent applicable, the Purchaser's access and license to the Premises shall be revoked and terminated, and Purchaser shall advise its employees, consultants, contractors and other agents to withdraw itself and any materials or supplies stored at the Premises no later than 5:00 PM EST on December 20, 2017.

**Please note that this correspondence shall not serve to act as a waiver of any other of Seller's rights and remedies, all of which are expressly reserved.**

Should you have any questions or need additional information, then please contact me at bhsu@goldsteinhall.com or 646-768-4103.

Regards,

GOLDSTEIN HALL PLLC

Name: Brian Hsu, Esq.
Title: Partner

**Brian Hsu** Exhibit A

**From:** Leah Newman <LNewman@rsabstract.com>
**Sent:** Thursday, December 14, 2017 3:14 PM
**To:** Brian Hsu
**Cc:** Benjamin Schachter
**Subject:** RE: RANY-27281

Hi Brian,
Thanks for sending these over. I will review and get back to you.

**Leah Newman** • ***NY Title Coordinator***
| d: 718.215.5119 | o: 718.252.4200
| e: lnewman@rsabstract.com
| 212 Second Street | Suite 502 | Lakewood, NJ 08701

Riverside | 1031 | Tacs | Suites | LinkedIn | Facebook | Twitter | YouTube

**From:** Brian Hsu [mailto:bhsu@goldsteinhall.com]
**Sent:** Thursday, December 14, 2017 11:56 AM
**To:** Leah Newman <LNewman@rsabstract.com>
**Cc:** Benjamin Schachter <bschachter@goldsteinhall.com>
**Subject:** RANY-27281

**Attention: This message was sent by an external sender. Do not open attachments or click on links from unknown senders or unexpected emails.**

---

Good Morning Leah,

I am representing the sellers on this matter. I am reaching out to request a closer for our closing on Monday, Dec. 18 at 10:00 AM at my office. We expect the purchaser to show up as this is a TOE closing date. Regardless, we would still like to clear up any title issues in advance of the closing. I have attached the following:

1) Org. docs for the sellers
2) Resolutions for the sellers appointing me as the signatory. I'll provide signed ones at closing (if not before)
3) Exception # 8 b, c and d – these are against prior sellers or held in escrow so I can put you in touch with our title company to omit if not already done so.
4) Exception #8 a e, f, g or h – they are either against similar names or we'll pay/hold.
5) Exception 28/37 – I have attached the bankruptcy order that should resolve this issue. If not, please let me know.
6) Mortgages - Payoff letters for various mortgages attached.

I'll provide the draft deeds and ACRIS under separate cover. Let me know if I have not taken of anything.

Looking forward to working with you.

Thanks,



**Brian Hsu**
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004
**D:** 646.768.4103
**O:** 646.768.4100
**F:** 646.219.2450
**E:** bhsu@goldsteinhall.com
**W:** www.goldsteinhall.com

please consider the environment before printing this email.

CONFIDENTIALITY: This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.



Client Focused. Results Driven.

December 19, 2017

**VIA EMAIL AND CERTIFIED MAIL**

The Law Offices of Izidor Mikhli, PLLC
2995 Quentin Road
Brooklyn, New York 11229
Attention: Izidor Mikhli, Esq.

Re: Seller: 700 Beck Street LLC
Purchaser: FMTB BH LLC
Premises: 770 Beck Street, Bronx, New York 10455

Dear Mr. Mikhli:

As you are aware, this Firm represents the above-referenced Seller. We are in receipt of your rejection of Time of the Essence Letter dated December 15, 2017 (but actually received on December 18, 2017) ("Rejection Letter"). In your Rejection Letter, you state three alleged failures preventing the Seller from enforcing its rights under that certain Contract of Sale for the Premises, and schedules, exhibits and riders thereto, executed by and between the above-referenced Seller and Purchaser dated as of June 19, 2017 ("Original Contract") and amended by that certain Addendum dated October 4, 2017 ("Addendum," along with the Original Contract collectively, referred to as the "Contract"). All three allegations have no merit and must be dismissed entirely.

First, the Purchaser incorrectly claims that Riverside Abstract has not been contacted to schedule a closing date. In fact, on December 14, 2017 and December 15, 2017, our office corresponded with Leah Newman of Riverside Abstract. See Exhibit A. Our office provided her documents to clear certain title matters and requested a closer for the closing. Ms. Newman confirmed receipt of the initial email.

Second, the Purchaser incorrectly claims that Seller was not ready, willing and able to close on the transaction and deliver clear title at Closing. In fact, title clearance documents were sent to Purchaser's title company prior to the closing. Furthermore, pursuant to the Contract, the Purchaser agreed to an "set a Time of the Essence closing date of December 18, 2017 ("TOE Closing Date")." On December 18, 2017, the closing was held at our office in the presence of a court reporter. You and your client failed to appear even though prior written notice was given to you of the time and location of the closing. At the closing, we evidenced the Seller's ability to transfer title in accordance

with the Contract, which included, but not limited to, the proper authorizations, mortgage payoff letters, bargain and sale deed and ACRIS documents.

Third, the Purchaser incorrectly claims that a lease for the 1st floor of the Premises was fraudulent and a misrepresentation of a material fact. The Purchaser fails to provide any evidence asserting this claim. Furthermore, the Contract makes no mention nor has any reference to a commercial lease or commercial tenancy. Therefore, the Purchaser fails to show that the Contract or transfer of title was induced by material fraud.

In conclusion, your client's failure to close on the transaction by the mutually agreed to Time of the Essence date of December 18, 2017 pursuant to Section 4 of the Addendum is a default under the Contract. Pursuant to Section 23(a) of the Contract, our client deems the Contract cancelled and null and void. The Seller shall retain the Downpayment and Additional Downpayment as liquidated damages. Furthermore and only to the extent applicable, the Purchaser's access and license to the Premises shall be revoked and terminated, and Purchaser shall advise its employees, consultants, contractors and other agents to withdraw itself and any materials or supplies stored at the Premises no later than 5:00 PM EST on December 20, 2017.

**Please note that this correspondence shall not serve to act as a waiver of any other of Seller's rights and remedies, all of which are expressly reserved.**

Should you have any questions or need additional information, then please contact me at bhsu@goldsteinhall.com or 646-768-4103.

Regards,

GOLDSTEIN HALL PLLC

Name:  Brian Hsu, Esq.
Title:   Partner

**Brian Hsu** Exhibit A

**From:** Leah Newman <LNewman@rsabstract.com>
**Sent:** Thursday, December 14, 2017 3:14 PM
**To:** Brian Hsu
**Cc:** Benjamin Schachter
**Subject:** RE: RANY-27281

Hi Brian,
Thanks for sending these over. I will review and get back to you.

**Leah Newman** • ***NY Title Coordinator***
| d: 718.215.5119 | o: 718.252.4200
| e: lnewman@rsabstract.com
| 212 Second Street | Suite 502 | Lakewood, NJ 08701

Riverside | 1031 | Tacs | Suites | LinkedIn | Facebook | Twitter | YouTube

**From:** Brian Hsu [mailto:bhsu@goldsteinhall.com]
**Sent:** Thursday, December 14, 2017 11:56 AM
**To:** Leah Newman <LNewman@rsabstract.com>
**Cc:** Benjamin Schachter <bschachter@goldsteinhall.com>
**Subject:** RANY-27281

**Attention: This message was sent by an external sender. Do not open attachments or click on links from unknown senders or unexpected emails.**

---

Good Morning Leah,

I am representing the sellers on this matter. I am reaching out to request a closer for our closing on Monday, Dec. 18 at 10:00 AM at my office. We expect the purchaser to show up as this is a TOE closing date. Regardless, we would still like to clear up any title issues in advance of the closing. I have attached the following:

1) Org. docs for the sellers
2) Resolutions for the sellers appointing me as the signatory. I'll provide signed ones at closing (if not before)
3) Exception # 8 b, c and d – these are against prior sellers or held in escrow so I can put you in touch with our title company to omit if not already done so.
4) Exception #8 a e, f, g or h – they are either against similar names or we'll pay/hold.
5) Exception 28/37 – I have attached the bankruptcy order that should resolve this issue. If not, please let me know.
6) Mortgages - Payoff letters for various mortgages attached.

I'll provide the draft deeds and ACRIS under separate cover. Let me know if I have not taken of anything.

Looking forward to working with you.

Thanks,
**Brian Hsu**
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, NY 10004
D: 646.768.4103
O: 646.768.4100
F: 646.219.2450
E: bhsu@goldsteinhall.com
W: www.goldsteinhall.com

please consider the environment before printing this email.

CONFIDENTIALITY: This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.