UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re:                                                           :  Chapter 11
                                                                 :
FMTB BH LLC,                                                     :  Case No. 18-42228
                                                                 :
                                                    Debtor.      :
---------------------------------------------------------------- :
FMTB BH LLC,                                                     :
                                                                 :
                                                    Plaintiff,   :
                                                                 :
                    -against-                                    :  Adv. Pro. No. 18-01052
                                                                 :
1988 MORRIS AVENUE LLC, 1974 MORRIS                              :
AVENUE LLC, 700 BECK STREET LLC, 1143                            :
FOREST AVENUE LLC, and 1821 TOPPING                              :
AVENUE LLC                                                       :
                                                    Defendants.  :
---------------------------------------------------------------- X

## ANSWER AND COUNTERCLAIMS

Defendants 1988 Morris Ave LLC (incorrectly sued herein as 1988 Morris Avenue LLC), 1974 Morris Ave LLC (incorrectly sued herein as 1974 Morris Avenue LLC), 700 Beck Street LLC, 1143 Forest Ave LLC (incorrectly sued herein as 1143 Forest Avenue LLC) and 1821 Topping Ave LLC (incorrectly sued herein as 1821 Topping Avenue LLC), (collectively the "Defendants"), by their attorneys, GOLDSTEIN HALL PLLC, 80 Broad Street, Suite 303, New York, New York 10004, interpose the following Answer and Counterclaims to the Complaint herein:

1. Defendants deny the truth of the allegations set forth in paragraph 1 of the Complaint, except aver that Defendants entered into a contract of sale for five properties (the "Contracts") and that Plaintiff failed to appear at the time of the essence ("TOE") closings.

1

2. Defendants deny the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Defendants deny the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendants deny the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendants deny the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants admit the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint and respectfully refer the Court to the Contracts for a true and complete reading of their content, meaning, and intent.

15. Defendants admit the truth of the allegations set forth in paragraph 15 of the Complaint and respectfully refer the Court to the Contracts for a true and complete reading of their content, meaning, and intent.

16. Paragraph 16 of the Complaint purports to paraphrase and or quote from the Contracts and therefore does not contain an allegation to which a response is required and Defendant respectfully refers the Court to the Contracts for a true and complete reading of their content, meaning, and intent. To the extent that a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint purports to paraphrase from the Contracts and therefore does not contain an allegation to which a response is required and Defendant respectfully refers the Court to the Contracts for a true and complete reading of their content, meaning, and intent. To the extent that a response is deemed required, Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the truth of the allegations set forth in paragraph 18 of the Complaint, except Defendants specifically deny that "[Plaintiff] did pay the monthly mortgage interest on 1998 Morris Ave. in the amount of $2,957.50 and on 1821 Topping Ave. in the amount of $3,920 from the execution of the addendum to the closing date of each property" as set forth in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint purports to paraphrase from the Contracts and therefore does not contain an allegation to which a response is required, and Defendant respectfully refers the Court to the Contracts for a true and complete reading of their content, meaning, and intent. To the extent that a response is deemed required, Defendants admit the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Paragraph 27 purports to paraphrase from several letters dated December 15, 2017 and therefore does not contain an allegation to which a response is required. To the extent a response is deemed required, Defendants deny the truth of the allegations except aver that Plaintiff's counsel sent the December 15, 2017 letters and respectfully refers the Court to those letters for a true and complete reading of their content, meaning, and intent.

28. Defendants deny the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the truth of the allegations set forth in paragraph 32 of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

33. Defendants repeat and reallege each and every response set forth above as if fully set forth at length herein.

34. Defendants admit the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not contain any allegations to which a response is required and to the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**

42. Defendants repeat and reallege each and every response set forth above as if fully set forth at length herein.

43. Defendants deny the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the truth of the allegations set forth in paragraph 45 of the Complaint.

**AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION**

46. Defendants repeat and reallege each and every response set forth above as if fully set forth at length herein.

47. Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

48. If the Contract is held to be in full force and effect, Plaintiff's Complaint still fails due to its lacking to set forth a cognizable cause of action for the relief sought against the Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

49. If the Contract is enforced, the relief sought by the Plaintiff should not be granted to a party who has unclean hands.

50. Plaintiff, as purchaser under the contracts, had a duty of good-faith and fair-dealing to the Defendants, as sellers.

51. Upon information and belief, Plaintiff breached its duty to the Defendant by, *inter alia*, failing to attend the TOE closing and by advising the title company to not attend the TOE Closings on December 18, 2017.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Plaintiff and Defendants signed five separate contracts for the exclusive sale of different and distinct properties, not contingent nor binding upon each other.

53. Plaintiff cannot assert blanket claims of different breaches of contract over all the defendants for specific performance of each individual property.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. All of the Contracts all had a TOE clause for the closings to occur on December 18, 2017.

55. On or about December 5, 2018, in addition to the TOE clause in the contracts, Defendants' attorney also served TOE letters on Plaintiff's counsel identifying the TOE closings on December 18, 2017.

56. Plaintiff, without valid excuse, and through no fault of the Defendants, defaulted under the contracts by not appearing at the TOE Closings on December 18, 2017.

57. Pursuant to the terms of the Contracts, Defendants were entitled to retain the down payments as liquidated damages and the parties have no further liability to each other.

### AS AND FOR A FIRST COUNTERCLAIM

58. Defendants repeat each and every response set forth above, as if fully set forth at length herein.

59. On or about June 19, 2017, Plaintiff and each Defendant signed separate Contracts for each of the properties referenced in the Complaint.

60. Due consideration was exchanged between the parties.

61. On or about October 4, 2017, Plaintiff and each Defendant signed separate addendums to the contracts of sale for each of the properties referenced in the Complaint.

62. Paragraph 6 of the addendums obligates Plaintiff "to pay monthly mortgage interest for the Property … from execution of this Agreement to Closing Date."

63. The monthly amount for the addendum concerning the 1988 Morris Avenue transaction was and is $3,920.00 (the "Morris Obligation").

64. Plaintiff failed to satisfy its Morris Obligation up until the termination of the corresponding Contracts, on December 18, 2017.

65. Therefore, Plaintiff is indebted to Defendant 1988 Morris Ave LLC in the amount of $7,840.00, representing the Morris Obligation accruing through December, 2017.

**AS AND FOR A SECOND COUNTERCLAIM**

66. Defendants repeat each and every response set forth above, as if fully set forth at length herein.

67. The monthly amount for the addendum concerning the 1821 Topping Avenue transaction was and is $2,957.50 (the "Topping Obligation").

68. Plaintiff failed to satisfy its Topping Obligation up until the termination of the corresponding Contracts, on December 18, 2017

69. Therefore, Plaintiff is indebted to Defendant 1821 Topping Ave LLC in the amount of $5,915.00, representing the Topping Obligation accruing through December, 2017.

**AS AND FOR A THIRD COUNTERCLAIM**

70. Defendants repeat each and every response set forth above, as if fully set forth at length herein.

71. As a result of Plaintiff's failure to appear at the TOE closing, Defendant 1988 Morris Ave LLC has and continues to satisfy the Morris Obligation and continues to be damaged thereby in an amount to be proven at trial and believed to be no less than $43,120.00.

72. Therefore, Plaintiff is indebted to Defendant 1988 Morris Ave LLC in the amount of $43,120, representing the Morris Obligation accruing through September, 2018.

**AS AND FOR A FOURTH COUNTERCLAIM**

73. Defendants repeat each and every response set forth above, as if fully set forth at length herein.

74. As a result of Plaintiff's failure to appear at the TOE closing, Defendant 1821 Topping Ave LLC has and continues to satisfy the Morris Obligation and continues to be damaged thereby in an amount to be proven at trial and believed to be no less than $32,527.00.

75. Therefore, Plaintiff is indebted to Defendant 1821 Topping Ave LLC in the amount of $32,527.00, representing the Topping Obligation accruing through September, 2018.

**WHEREFORE**, the Defendants respectfully seek a judgment:

(a) Dismissing the Complaint in its entirety with prejudice;

(b) *On the First Counterclaim*, a monetary judgment against Plaintiff and awarding Defendant 1988 Morris Ave LLC in the amount of $7,840.00;

(c) *On the Second Counterclaim*, a monetary judgment against Plaintiff and awarding Defendant 1821 Topping Ave LLC in the amount of $5,915.00;

(d) *On the Third Counterclaim*, a monetary judgment against Plaintiff and awarding Defendant 1988 Morris Ave LLC in the amount of $43,120.00;

(e) *On the Fourth Counterclaim*, a monetary judgment against Plaintiff and awarding Defendant 1821 Topping Ave LLC in the amount of $32,527.00; and

(f) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 7, 2018

                        **GOLDSTEIN HALL PLLC**

                        /S/ *Brian J. Markowitz*
By:   **BRIAN J. MARKOWITZ, ESQ.**
        **DANIEL GOLDENBERG, ESQ.**
        Attorneys for Defendants
        *1988 MORRIS AVENUE LLC, 1974 MORRIS AVENUE LLC, 700 BECK STREET LLC, 1143 FOREST AVENUE LLC And 1821 TOPPING AVENUE LLC*
        80 Broad Street, Suite 303
        New York, New York 10004
        Tel. (646) 768.4100

TO: **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
Attorneys for Plaintiff-Debtor
*FMTB BH LLC*
Attn: Lawrence S. Hirsh, Esq.
875 Third Avenue, 9th Floor
New York, New York 10022