<u>**SCHEDULE-11a**</u>

<u>**LIST OF PLAINTIFFS' WITNESSES**</u>

**1.      Avi Weisel, Esq.**

Mr. Weisel was co-transactional attorney for Plaintiff.  Mr. Weisel is expected to testify concerning the preparations leading up to the purported closing date of December 18, 2997, and thereafter, and Plaintiff's attempt to purchase the properties.  Mr. Weisel is expected to testify concerning his communications with Brian Hsu, Esq., Defendants' transactional attorney, regarding Plaintiff's request for access to the properties before the closing and Defendants' refusal to grant it.  Mr. Wiesel is also expected to testify concerning outstanding title issues that were required to be satisfied before closing (but were not).  Those issues had been addressed with Defendants' previous counsel, Mr. Malik Pearson, but were not responded to.  Mr. Wiesel also is expected to testify concerning a purported commercial lease for the 700 Beck Street property, for which Mr. Wiesel had requested explanations and documentation (because it appeared that it was a sham lease), but, again, his requests were not complied with.

Mr. Wiesel is expected to testify that at no time between December 6, 2017 and December 15, 2017, did he receive responses to the working list of title issues, and he received no indication from the title company that title was clear and Defendants were ready to close.  He did not receive any confirmation that the title company was ready to insure title or that it had a final title bill.  Mr. Wiesel is expected to testify that up until December 14, 2017, he was not copied on any correspondence Mr. Hsu or Defendants may have received from or sent to the title company with respect to clearing title, vacating lis pendens on the properties, resolving landmark violations on the properties, and related issues.  Mr. Hsu did not answer any of Mr. Weisel's phone calls on the Friday before December 18, 2017 as of the time he left his office.

**2.**      **Izidor Mikhli, Esq.**

Mr. Mikhli was co-transactional attorney for Plaintiff.  Mr. Mikhli dealt with Malik Pearson, Esq., formerly the transactional attorney in this matter for Defendants, before he was replaced by Mr. Hsu.

Mr. Mikhli is expected to testify that in November and part of December 2017, Defendants' counsel was not fully responsive to Mr. Mikhli's calls and texts regarding outstanding items that had to be addressed before closing.  Defendants had locked out Plaintiff from the 1988 Morris Avenue and 1974 Morris Avenue properties in violation of the contract of sale and License Agreement between the parties, and were not working expeditiously towards a December 18, 2017 closing.

Mr. Mikhli is expected to testify that on November 14, 2017, he sent Defendants' counsel a list of title issues which were never fully resolved.  In fact, after December 18, 2017, title issues on all of the properties remained open.

Mr. Mikhli is expected to testify that in November 2017, he had requested documentation regarding the purported commercial lease for the 700 Beck Street property, which was never provided and which raised substantial issues regarding its authenticity and legitimacy,  Mr. Pearson (Defendants' former counsel) told Mr. Mikhli that his withdrawal from representing Defendants in the transaction was in part based on this "lease."

3.      **Joseph Riegler**

Mr. Riegler was the principal contact from Plaintiff with Defendants regarding the acquisition of the properties.  He is expected to testify concerning the contracts of sale, the plan by Plaintiff to finance the acquisition although Mr. Joel Leifer had sufficient funds by himself to consummate the transactions.

Mr. Riegler is expected to testify concerning the substantial damage to the !988 Morris Avenue property existing as of September 2016, including water and electrical damage, mold, and roofing issues arising post-contract; the need for access to repair the properties; and the reasons for the Addenda to the contracts and the License Agreement.

Mr. Riegler is expected to testify to his attempts at obtaining contact information for Defendants' counsel, his attempts to contact Defendants in late November-early December 2017, and his repeated requests for access to the properties, which was never provided.

Mr. Riegler is also expected to testify concerning the fraudulent 700 Beck Street commercial lease, and the request to obtain a subordination, non-disturbance, and attornment agreement for that purported lease, which was never received.

Mr. Riegler is expected to testify as to the facts evidencing that the closing set for December 18, 2017 was merely a ploy by Defendants.  It was a sham closing.

**4.**     **Joel Leifer**

Mr. Leifer is expected to testify that at all relevant times he had sufficient funds to close on the five contracts of sale on the properties.  It was Plaintiff's plan to obtain financing or a hard money loan, but if that failed, Mr. Leifer was ready, willing and able to fund the transactions on his own.

**5.**     **Marcus Lester or Michael Merchant**
         **Of ANC Contracting Co. Inc.**

The witness is expected to testify as to the physical condition of the properties, the construction work done on the properties, and its cost.

**6.**     **Karla Miller, Esq. of Riverside Abstract**

Ms. Miller is expected to testify as to the title issues pertaining to the properties, the communications between Riverside Abstract and Defendants and their counsel regarding the purported TOE closing of December 18, 2017, and the fact that there was no indication from Defendants that they were ready to close on that date.  Ms. Miller is also expected to testify concerning the attempt by Defendants to clear certain title issues—such as the lis pendens and tax liens—*after* December 18, 2017, as well as landmark title issues.  She is also expected to testify that certain of the outstanding title issues could take a long tome to remedy.

7.      **Jackson Strong**

Mr. Strong was Defendants' managing agent for the properties.  He is expected to testify concerning his relationship with the owners of the properties and his role in interfacing with Plaintiff, including issues regarding repair and alteration, and access issues.  Mr. Strong is also expected to testify as to the poor condition of the properties, their state of disrepair, and repairs not being completed.

Mr. Strong is also expected to testify concerning Plaintiff being locked out of the Morris Avenue properties.  He is also expected to testify concerning Plaintiff's requests for access to the properties, and the request for a subordination, non-disturbance, and attornment agreement for the alleged 700 Beck Street commercial lease.  He is expected to testify that the commercial tenant never even occupied that commercial space.

Mr. Strong is also expected to testify that the Beck Street, Forest Avenue and Topping Avenue properties all had tenants as of December 18, 2017, who remained in possession, and Defendants had no plan to have their units vacated by closing.

**8.      Brian Hsu, Esq.**

Mr. Hsu became counsel to Defendants after Mr. Pearson's withdrawal from his representation of Defendants.  He is expected to testify concerning the timing of his retention by Defendants and his first communication with Plaintiff's counsel and the title company.  He did not communicate with Plaintiff concerning his retention and replacement of Malik Pearson until December 6, 2017.  He is also expected to testify as to the denial to Plaintiff of access to the properties and the repeated attempts by Plaintiff to obtain such access.  He is expected to testify as to the communications between him and Plaintiff's attorneys, and the outstanding but unsatisfied title issues existing as if December 18, 2017, and the serious questions regarding the fraudulent nature of the 700 Beck Street commercial lease.  Mr. Hsu and Defendants refused to permit Plaintiff's counsel to conduct any due diligence concerning the fraudulent 700 Beck Street commercial lease.

Mr. Hsu is expected to testify that he knew that the commercial tenant at 700 Beck Street was not in possession of the premises, but never conveyed that information to Plaintiff's counsel. He is expected to testify concerning his communications with Riverside Abstract, representing the title company, and that he did not receive any indication from Riverside Abstract that it was ready to proceed with a closing and insure title on December 18, 2017.

**9.    Malik Pearson, Esq.**

Mr. Pearson was the original transactional lawyer for Defendants, who dealt with Plaintiff's attorney, Izidor Mikhli.  Mr. Pearson is expected to testify about the title issues brought to his attention by Plaintiff's counsel in November 2017 and the lack of progress made on them by Defendants, the conditions of the properties and the need for the License Agreement, the questions raised by Plaintiff concerning the fraudulent commercial lease at 700 Beck Street, and the unanswered questions concerning that "lease" as well as Defendants' refusal to provide a subordination, non-disturbance, and attornment agreement.

In addition, Mr. Pearson is expected to testify as to his withdrawal from representing Defendants, which was not made known at the time to Plaintiff and which had difficulty contacting Mr. Pearson believing him still to be the attorney for Defendants.

Mr. Pearson is also expected to testify that the 700 Beck Street commercial lease and the questions surrounding it was a reason for his withdrawal as counsel for Defendants.

10.    **Rafael Telahun**

Mr. Telahun is or at least was a member of some or all of the Defendants.

He is expected to testify concerning the condition of the properties, the requests by Plaintiff for access to the properties and Defendants' refusal to grant that access, the so-called commercial lease at 700 Beck Street, which in fact had no commercial tenant therein at any time.  Mr. Telahun is expected to testify that the commercial tenant never took possession of the premises. Mr. Telahun is also expected to testify concerning open title issues as of December 18, 2017, and that even after December 18, 2017, the parties continued to work towards a closing and Defendants worked to satisfy title issues.

Mr. Telahun is also expected to acknowledge that as of December 18, 2017, tenants had not vacated all of the properties as required by the contracts of sale.


11.    **Ihsan Saleem**

Mr. Saleem in association with Titan Partners, was the principal owner of the five properties. He is expected to testify concerning the physical condition of the properties, the role of Jackson Strong in dealing with Plaintiff, the requests for access by Plaintiff.  He is expected to testify that as of December 18, 2017, title issues had not been cleared up, and even after that date they were not cleared, as many such issues would take a long time to remedy.  Mr. Saleem is expected to testify that the commercial tenant at 700 Beck Street never took possession of the premises.

Mr. Saleem is also expected to acknowledge that as of December 18, 2017, tenants had not vacated all of the properties as required by the contracts of sale.

<u>**SCHEDULE-11b**</u>

<u>**LIST OF DEFENDANTS' WITNESSES**</u>

**1. Rafael Telahun**

Mr. Telahun was employed by Ihsan Saleem to oversee Defendants and was involved in the underlying transactions. Mr. Telahun will testify that Plaintiff was in breach of the five Contracts for Sale that is the subject of this action; that Plaintiff was provided access on numerous occasions predating the final December 18, 2017 Time of the Essence Closing date; that Plaintiff sought on numerous occasions to change and alter the terms of the Contracts for Sale; that Plaintiff was well aware of the status of the tenants in the buildings and had received on numerous occasions rent rolls, lease status updates and had accepted this condition; that Plaintiff failed to close on the Properties due to its own inability to secure financing; as well as other issues set forth in the Undisputed Facts and Defendants' Disputed Facts.

**2. Ihsan Saleem**

Ihsan Saleem is a member of the Defendants and was involved in the underlying transactions. Mr. Saleem will testify that Plaintiff was in breach of the five Contracts for Sale that is the subject of this action; that Plaintiff was provided access on numerous occasions predating the final December 18, 2017 Time of the Essence Closing date; that Plaintiff sought on numerous occasions to change and alter the terms of the Contracts for Sale; that Plaintiff was well aware of the status of the tenants in the buildings and had received on numerous occasions rent rolls, lease status updates and had accepted this condition; that Plaintiff failed to close on the Properties due to its own inability to secure financing; as well as other issues set forth in the Undisputed Facts, and Defendants' Disputed Facts.

3. **Jackson Strong**

Mr. Strong was an employee of the Defendants' primarily responsible for the property management of the Properties. Mr. Strong will testify that the condition of the properties remained largely unchanged during the pendency of the Contracts; that the Plaintiff had access to the Properties on numerous occasions prior to the December 18, 2017 Time of the Essence Closing Date and that the Lease with Chichi Therapeutic Services Inc. was not fraudulent as alleged by Plaintiff, but that the tenant never took possession of the premises. Further, Mr. Strong will testify on other issues set forth in the Undisputed Facts and Defendants' Disputed Facts.

4. **Dwayne Jones**

Mr. Jones is a Senior Investment Associate with Marcus & Millichap, the Defendants' real estate broker with respect to these Properties. Mr. Jones will testify as to the marketing of the Properties, the disclosures to the Plaintiff of the existence of the tenants in the Properties, the disclosure to the Plaintiff of the existing conditions of the Properties, the circumstances regarding the entering into the Contracts of Sale; the circumstances and facts regarding the entering into of the Addendums to the Contracts; and other circumstances and facts relating to the underlying transaction.

5. **Chinyelu Fafowora**

Chinyelu Fafowora is a principal of Chichi Therapeutic Services Inc. and will testify that the lease for the day care center at 770 Beck Street Unit #1, Bronx, New York  was not fraudulent, but rather the tenant was unable to secure the necessary permits to operate the day care center without material alterations to the unit to conform with New York city regulations

concerning a day care center. When Defendant 770 Beck LLC and Chichi Therapeutic Services Inc. could not agree on the funding for such alteration, the parties agreed that Chichi Therapeutic Services Inc. would not take possession of the premises.

### 6. Joel Wertzberger

Joel Wertzberger is a real estate financier and speculator who represented himself as a principal, agent or member of the Plaintiff's. He will testify that he was present at numerous site inspections of the Properties; the facts and circumstance concerning the Contract Addendums, and the funding of the down payment and the forfeiture of the down payments. He will also testify as to Plaintiff's attempt to enter into the Flip Contract and the fact that Plaintiff attempted to enter into a fraudulent mortgage scheme.

7. Defendants reserve the right to call any of the witnesses on Plaintiff's Witness List to testify as to the issues set forth in the Undisputed Factsand Defendants' Disputed Facts.

**SCHEDULE 13**

**EXHIBITS**

**Exhibits Stipulated to be Admissible**

1.      Contract for purchase of 1988 Morris Avenue, Bronx, NY, June 19, 2017

2.      Contract for purchase of 1974 Morris Avenue, Bronx, NY, June 19, 2017

3.      Contract for purchase of 700 Beck Street, Bronx, NY, June 19, 2017

4.      Contract for purchase of 1143 Forest Avenue, Bronx, NY, June 19, 2017

5.      Contract for purchase of 1821 Topping Avenue, Bronx, NY, June 19, 2017

6.      Addendum to contract for purchase of 1988 Morris Avenue, Bronx, NY, October 4, 2017

7.      Addendum to contract for purchase of 1974 Morris Avenue, Bronx, NY, October 4, 2017

8.      Addendum to contract for purchase of 700 Beck Street, Bronx, NY, October 4, 2017

9.      Addendum to contract for purchase of 1143 Forest Avenue, Bronx, NY, October 4, 2017

10.     Addendum to contract for purchase of 1821 Topping Avenue, Bronx, NY, October 4, 2017

11.     License Agreement for 1988 Morris Avenue and 1974 Morris Avenue, dated October 17, 2017

12.     Lease Agreement for Daycare Facility at Beck Street dated May 25, 2017.  Defendants' Motion for Summary Judgment Exhibit 21

13.     Rent roll included in Marcus & Millichap offering brochure, Defendants' Bates # 0009

14.     Email dated Sept. 6, 2017, from Izidor Mikhli, Esq. to Malik Pearson, Esq.  Plaintiff Bates # 19000187

15.     Email dated Sept. 6, 2017, from Joseph Riegler to Izidor Mikhli, with a copy to Malik Pearson.  Plaintiff Bates # 19000188

16.     Text messages to and from Malik Pearson, Sept. 8, 2017-Nov. 27, 2017.  Pearson Deposition Exhibit 1.  Plaintiff Bates # 19000712-719

17.    Email dated Oct. 16, 2017, from Rafael Telahun to Malik Pearson et al.  Pearson
       Deposition Exhibit 2, Defendants' Bates # 513

18.    Email November 9, 2017, from Avi Weisel to Leah Newman.  Exhibit 6 to Karla Miller
       Deposition dated May 9, 2019

19.    Email dated November 14, 2017, from Avi Weisel, Esq. to Izidor Mikhli, Esq. and Leah
       Newman (Riverside Abstract), and related email to Leah Newman.  Plaintiff Bates #
       19000306-310

20.    Text of phone conversations between Joseph Riegler and Jackson Strong, dated
       November 17, 2017 through December 10, 2017.  Plaintiff Bates # 19000705-710

21.    Email November 17, 2017, from Avi Weisel to Patricia Russo-Owen.  Exhibit 14 to
       Karla Miller Deposition dated May 9, 2019

22.    Email dated Dec. 5, 2017, from Avi Weisel to Brian Hsu.  Plaintiff Bates # 1900016-17

23.    Email dated Dec. 6, 2017, from Izidor Mikhli to Avi Weisel.  Plaintiff Bates # 1900015

24.    Email dated Dec. 11, 2017, from Avi Weisel to Brian Hsu and related email.  Hsu
       Deposition Exhibit 3, Plaintiff Bates # 1900097-98

25.    Email dated Dec. 11, 2017, from Avi Weisel to Brian Hsu and related email.  Hsu
       Deposition Exhibit 4, Plaintiff Bates # 1900018-26

26.    Email dated Dec. 11, 2017, from Brian Hsu to Avi Weisel and related email.  Hsu
       Deposition Exhibit 5, Plaintiff Bates # 1900050-55

27.    Email dated Dec. 11, 2017, from Avi Weisel to Brian Hsu, and related emails.  Hsu
       Deposition Exhibit 1, Plaintiff Bates # 1900079-82

28.    Email dated Dec. 11, 2017, from Avi Weisel to Brian Hsu and related email.  Hsu
       Deposition Exhibit 2, Plaintiff Bates # 19000114-118

29.     Email dated December 11, 2017, from Avi Weisel to Brian Hsu.  Plaintiff Bates #
       19000107

30.    Email dated December 11, 2017, between Avi Weisel and Brian Hsu.  Plaintiff Bates #
       19000106

31.    Email dated December 11, 2017, from Avi Weisel to Brian Hsu.  Plaintiff Bates #
       1900095

32.    Email dated December 11, 2017, from Brian Hsu to Avi Weisel.  Plaintiff Bates #
       1900093

33.     Email dated December 11, 2017, from Brian Hsu to Avi Weisel.  Plaintiff Bates # 19000103

34.     Email dated December 11, 2017, from Avi Weisel to Brian Hsu and attached email Brian Hsu to Avi Weisel.  Plaintiff Bates # 1900094

35.     Email dated December 14, 2017, from Brian Hsu to Leah Newman.  Plaintiff Bates # 19000731-733

36.     Email dated December 14, 2017, from Brian Hsu to Leah Newman.  Exhibit 1 to Karla Miller  Deposition dated May 9, 2019, pages marked 13-14

37.     Email dated December 14, 2017 from Avi Weisel, Esq. to Leah Newman.  Riverside Abstract Deposition May 9, 2019, Exhibit 12

38.     Emails with Riverside Abstract, December 14, 2017 through April 10, 2018, Riverside Abstract Deposition May 9, 2019, Exhibit 5

39.     Email December 15, 2017, from Avi Weisel to Leah Newman.  Exhibit 7 to Karla Miller Deposition dated May 9, 2019

40.     Email dated Dec. 18, 2017, from Avi Weisel to Brian Hsu with letters rejecting TOE. Defendants' Motion for Summary Judgment Exhibit 24

41.     January 2, 2018 Title Report.  Plaintiff Bates # 19000396-683

42.     Kriss & Feuerstein checklist.  Exhibit 4 to Karla Miller Deposition dated May 9, 2019

43.     Email dated January 4, 2018, from Andrew R. Ricci, Esq. to Brian Hsu and related email Exhibit 15 to Karla Miller Deposition dated May 9, 2019

44.     Email dated January 10, 2018, from Brian Hsu to Andrew R. Ricci, Esq.  Exhibit 14 to Karla Miller Deposition dated May 9, 2019

45.     M&T Bank letter to Mr. Joel Leifer, December 13, 2018, and accompanying statement for December 2017.  Plaintiff Bates # 19000742-766

46.     Transcript of deposition of Jackson Muraturi Strong, dated April 10, 2019, pages 13, 16-18, 29, 36-38, 52-55, 65-67, 71, 75-78

47.     Transcript of deposition of Ihsan Saleem, dated April 9, 2019, pages 49, 52, 57, 59, 67

48.     Transcript of deposition of Malik Pearson, dated May 10, 2019, pages 13-14, 16-19, 25-30, 32-35

49.    Transcript of deposition of Brian Hsu, dated May 10, 2019, pages 9-19, 33-34, 41-42

50.    Transcript of deposition of Rafael Telahun, dated March 29, 2019, pages 19-21, 38, 95-103

51.    Transcript of deposition of Karla Miller, Esq. (Riverside Abstract), dated May 9, 2019, pages 9-10, 16-19, 21-27, 39, 48-49, 52, 64-66, 76, 87-89 [Plaintiff objects to pages 58-63 and 85-86]

52.    Check to ANC Contracting, Plaintiff Bates # 001

53.    Check to ANC Contracting, Plaintiff Bates # 002

54.    Check to ANC Contracting, Plaintiff Bates # 003

55.    Check to Traditional Builders, dated Nov. 30, 2017, (front and back)

56.    Check to ANC Contracting, dated Oct. 30, 2017

57.    Rent Roll, Plaintiff's Bates # 311

58.    Marcus & Millichap Offering Brochure (Defendants' Document_Production_ 0001-0077)

59.    Text message from J. Strong to J. Reigler dated November 30, 2017 (Plaintiff Bates # 1.27.19000706)

60.    Text message from J. Strong to J. Reigler dated December 3, 2017 (Plaint 1.27.19000708)

61.    Defendants' TOE Letters to Mr. Mikhli dated December 5, 2017 (Defendants' Exhibit 21)

62.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000067-76)

63.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000077-78)

64.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000079-82)

65.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000083-92)

66.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000093-102)

67.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000103-107)

68.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000108-109)

69.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000110-113)

70.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.1900114-118)

71.    E-mail communications between Plaintiff's counsel and Defendants' counsel        dated December 11-12, 2017 (Plaint 1.27.19000119-120)

72.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000121-132)

73.    E-mail communications between Plaintiff's counsel and Defendants' counsel dated December 11-12, 2017 (Plaint 1.27.19000133-146

74.    December 15, 2017 E-mail from A.Weisel to L. Newman (Exhibit 7, Riverside deposition)

75.    January 9, 2017 E-mails between B. Hsu to L. Newman (Exhibit 8, Riverside deposition)

76.    Prepared timeline (Exhibit 10, Riverside deposition)

77.    December 14, 15, 2017 E-mails from B. Hsu to L. Newman (Exhibit 11, Riverside deposition)

78.    E-mails between L. Newman and A. Weisel (Exhibit 12, Riverside deposition)

79.    Corporate Checking Account for River Manor Corp (Statement Period December 1, 2017-December 31, 2017) (Plaint. 2.15.19000743-752)

80.    Equity Recapture Account J. Leifer (Statement Period September 23, 2017-December 22, 2017) (Plaint. 2.15.19000753-755)

81.    E-mail from Plaintiff's counsel to Defendants' counsel dated December 5, 2017 (Plaint.1.27.19000016)

82.    E-mails amongst A. Ricci, L. Newman, and Defendants' counsel dated December 27, 2017 (Plaint.1.27.19000731-733)

83.    Defendants' December 19, 2018 Default Letters to Plaintiff (Defendants' Exhibit 24 and 25)

84.    January 15, 2018 E-mail between A. Weisel and Defendants' counsel (Defendants_Document_Production_0550-556)

85.    October 30, 2017 E-mail from J. Reigler to J. Strong (Defendants_Document_Production_0548-549)

86,    September 7, 2017 E-mails between J. Reigler and J. Strong (Defendants_Document_Production_0545-546)

87.    November 3, 2017 E-mails between J. Strong and J. Reigler (Defendants_Document_Production_0525-526)

88.    December 14, 2017 Defendants' counsel E-mail to L. Newman, with attachments (native) (RANY-27281)

89.    Transcript of J. Leifer's deposition dated May 13, 2019 (pgs. 12, 33; 34-36; 81-85; 89; 90-93; 96-97; 98-102 [Plaintiff objects to pages 92-93]

90.    Transcript of M. Ehrendfeld's deposition dated May 8, 2019 (pgs. 22-26; 29; 48; 58-61; 64-67; 78-81, 83-85)

**Plaintiff's Additional Exhibits**

91.    Email dated November 13, 2017, from Joseph Riegler to Jackson Strong and attached emails.  Plaintiff Bates # 19000535

92.    Email dated Dec. 20, 2017, from Marc Yaverbaum to Rafael Telahun, and related emails. Telahun Deposition Exhibit 16, Plaintiff Bates # 19000505-506

93.    Email January 8, 2018, from Leah Newman to Brian Hsu, and related email string. Exhibit 5 to Karla Miller Deposition dated May 9, 2019

94.    Email dated January 8, 2018, from Leah Newman to Brian Hsu.  Plaintiff Bates # 19000247-248

95.    Email dated April 16, 2018, from Karla Miller, Esq. to Lawrence S. Hirsch and Andrew R. Ricci, Esq.  Exhibit 3 to Karla Miller Deposition dated May 9, 2019

96.    Text messages from A. Riegler to J. Strong, Dec. 10-11, 2017, Plaintiff's Bates # 709-711

~~**Defendants' Additional Exhibits**~~

~~A.    May 5, 2017 Deal Term and Contact Sheet (Defendants_Document_Production_0078)~~

~~B.    FMTB BH LLC Operating Agreement (Defendants' Exhibit 34, J. Reigler deposition)~~

~~C.    J. Reigler Resignation April 4, 2018 (Defendants' Exhibit 35, J. Reigler deposition)~~

~~D.    Contract of Sale between Plaintiff and Beck/Morris Mazel LLC (Defendants' Exhibit 40, J. Reigler deposition)~~

E.      Assignment from J. Reigler to J. Leifer April 4, 2018 (Defendants' Exhibit 36, J. Reigler deposition)

F.      Assignment from J. Leifer to M. Ehrenfeld April 14, 2018 (Defendants' Exhibit 37, J. Reigler deposition)

G.      August 22, 2017 Closing Adjournment (Defendants' Exhibit 13)

H.      September 27, 2017 Closing Adjournment, (Defendants' Exhibit 14)

I.      Construction/Rehab Invoices (Defendants' Exhibit 17)

J.      Transcript of J. Reigler's deposition dated March 28, 2019 (pgs. 2; 25-26; 27-29; 30; 35; 43-49; 52; 58-61; 62-65; 104; 118-120; 128-129; 153-155;

K.      Transcript of the US Trustee 341 Initial Meeting of Creditors dated June 11, 2018

L.      Transcript of R. Telahun's deposition dated March 29, 2019 (pgs. 13-14; 44; 62-63; 69; 71; 74; 81; 91; 103; 109; 113-115; 117; 122)

M.      Transcript of I. Saleem's deposition dated April 9, 2019 (pgs. 28-28; 36; 49; 56; 59; 66)

N.      December 19-21 E-mails between L. Newman and A. Weisel, with attachments (Exhibit 13, Riverside deposition)

O.      December 15 E-mails between A. Weisel and L. Newman, with attachments (Exhibit 14, Riverside deposition)

P.      J. Wertzberger Bank Accounts dated December 2017 (Plaint. 2.15.19000767-787)

Q.      December 18, 2017 Closing transcript for 1821 Topping Avenue (Defendants' Exhibits 26)

R.      December 18, 2017 Closing transcript for 1143 Forest Avenue (Defendants' Exhibit 27)

S.      December 18, 2017 Closing transcript for 770 Beck Street (Defendants' Exhibit 28)

T.      December 18, 2107 Closing transcript for 1974 Morris Ave (Defendants' Exhibit 29)

U.      December 18, 2017 Closing transcript for 1988 Morris Ave (Defendants' Exhibit 30)

V.      November 18, 2017 E-mail from D. Jones to J. Reigler (Defendants_Document_Production_0523-524)

W.      Carrying Costs of South Bronx Brownstone Portfolio Memo (Defendants_Document_Production_0522)

X.      Bronx Brownstone Portfolio Monthly Interest Due (Defendants_Document_Production_0521)

Y.      October 16, 2017 E-mail from R. Telahun to M. Pearson (Defendants_Document_Production_0513)

Z.      Titan Partners Escrow Account Information ((Defendants_Document_Production_0512)

AA. September 28, 2017 E-mails between D. Jones and M. Pearson (Defendants_Document_Production_0514-520)

BB. June 19, 2017 Titan Partners Portfolio signed contracts (Defendants_Document_Production_0081-0148)

CC. April 30, 2017 Lefko Capital Group Letter of Intent to Purchase 1974-1988 Morris Ave. (Defendants_Document_Production_0080)

DD. April 30, 2017 Lefko Capital Group Letter of Intent to Purchase 770 Beck Street, 1821 Topping Ave., and 1143 Forest Ave. (Defendants_Document_Production_0079)

EE. Beck/Morris Mazel LLC DOS Information, opendata (Defendants_Document_Production_0385)

FF. City of New York (ACRIS) Property Records for 1057 Teller Avenue, Bronx, New York

GG. City of New York (ACRIS) Property Records for 1022 East 226th Street, Bronx, New York

HH. 1022 East 226th Joyland LLC DOS Information, open data

II. 1057 Teller Ave LLC DOS Information, open data

JJ. Atrium Center for Rehabilitation and Nursing; River Manor Corporation, Nursing Home Database Information

KK. Chichi Therapeutic Services Inc., Health Providers Database

LL. Freeman v. River Manor Corp, et al; United States District Court for the Eastern District of New York (Filed 08/31/2017; 17-cv-05162)

*(CEC)*

**EXHIBITS**
**INDEX**

**Defendants' Additional Exhibits**

A.      **Page 1 -** May 5, 2017 Deal Term and Contact Sheet (Defendants_Document_Production_ 0078)

B.      **Pages 2 – 3 -** FMTB BH LLC Operating Agreement(Defendants' Exhibit 34, J. Reigler deposition)

C.      **Page 4 -** J. Reigler Resignation April 4, 2018 (Defendants' Exhibit 35, J. Reigler deposition)

D.      **Pages 5 – 10 -** Contract of Sale between Plaintiff and Beck/Morris Mazel LLC (Defendants' Exhibit 40, J. Reigler deposition)

E.      **Page 11 -** Assignment from J. Reigler to J. Leifer April 4, 2018 (Defendants' Exhibit 36, J. Reigler deposition)

F.      **Page 12 -** Assignment from J. Leifer to M. Ehrenfeld April 14, 2018 (Defendants' Exhibit 37, J.
Reigler deposition)

G.      **Pages 13 – 17 -** August 22, 2017 Closing Adjournment (Defendants' Exhibit 13)

H.      **Pages 18 – 22 -** September 27, 2017 Closing Adjournment, (Defendants' Exhibit 14) I.

        **Pages 23 – 32 -** Construction/Rehab Invoices (Defendants' Exhibit 17)

J.      **Pages 33 – 263 -** Transcript of J. Reigler's deposition dated March 28, 2019 (pgs. 2; 25-26; 27-29; 30; 35; 43-49; 52; 58-61; 62-65; 104; 118-120; 128-129; 153-155)

K.      **Pages 364 – 293 -** Transcript of the US Trustee 341 Initial Meeting of Creditors dated June 11, 2018

L.      **Pages 294 – 484** Transcript of R. Telahun's deposition dated March 29, 2019 (pgs. 13-14; 44; 62-63; 69; 71; 74; 81; 91; 103; 109; 113-115; 117; 122)

M.      **Pages 485 – 563 -** Transcript of I. Saleem's deposition dated April 9, 2019 (pgs. 28-28; 36; 49; 56; 59; 66)

N.      **Pages 564 – 573 -** December 19-21 E-mails between L. Newman and A. Weisel, with attachments (Exhibit 13, Riverside deposition)

O.      **Pages 574 – 583 -** December 15 E-mails between A. Weisel and L. Newman, with

attachments (Exhibit 14, Riverside deposition)

P.  **Pages 584 – 604 -** J. Wertzberger Bank Accounts dated December 2017 (Plaint. 2.15.19000767-787)

Q.  **Pages 605 – 614 -** December 18, 2017 Closing transcript for 1821 Topping Avenue (Defendants' Exhibits 26)

R.  **Pages 615 – 624 -** December 18, 2017 Closing transcript for 1143 Forest Avenue (Defendants' Exhibit 27)

S.  **Pages 625 – 624 -** December 18, 2017 Closing transcript for 770 Beck Street (Defendants' Exhibit 28)

T.  **Pages 635 – 644 -** December 18, 2107 Closing transcript for 1974 Morris Ave (Defendants' Exhibit 29)

U.  **Pages 645 – 654 -** December 18, 2017 Closing transcript for 1988 Morris Ave (Defendants' Exhibit 30)

V.  **Pages 655 – 656 -** November 18, 2017 E-mail from D. Jones to J. Reigler (Defendants_Document_Production_0523-524)

W.  **Page 657 -** Carrying Costs of South Bronx Brownstone Portfolio Memo (Defendants_Document_Production_0522)

X.  **Page 658 -** Bronx Brownstone Portfolio Monthly Interest Due (Defendants_Document_Production_0521)

Y.  **Page 659 -** October 16, 2017 E-mail from R. Telahun to M. Pearson (Defendants_Document_Production_0513)

Z.  **Page 660 -** Titan Partners Escrow Account   Information (Defendants_Document_Production_0512)

AA.  **Pages 661 0 667 -** September 28, 2017 E-mails between D. Jones and M. Pearson (Defendants_Document_Production_0514-520)

BB.  **Pages 668 – 735 -** June 19, 2017 Titan Partners Portfolio signed contracts (Defendants_Document_Production_0081-0148)

CC.  **Page 736 -** April 30, 2017 Lefko Capital Group Letter of Intent to Purchase 1974-1988 Morris Ave. (Defendants_Document_Production_0080)

DD.  **Page 737 -** April 30, 2017 Lefko Capital Group Letter of Intent to Purchase 770 Beck Street, 1821 Topping Ave., and 1143 Forest Ave. (Defendants_Document_Production_0079)

EE.  **Page 738 -** Beck/Morris Mazel LLC DOS Information, opendata (Defendants_Document_Production_0385)

FF.  **Page 739 -** City of New York (ACRIS) Property Records for 1057 Teller Avenue, Bronx,

New York

GG.  **Page 740 -** City of New York (ACRIS) Property Records for 1022 East 226th Street, Bronx, New York

HH.  **Pages 741 – 742 -** 1022 East 226th Joyland LLC DOS Information, open data

II.  **Pages 743 – 744 -** 1057 Teller Ave LLC DOS Information, open data

JJ.  **Pages 745 – 747 -** Atrium Center for Rehabilitation and Nursing; River Manor Corporation, Nursing Home Database Information

KK.  **Pages 748 – 749 -** Chichi Therapeutic Services Inc., Health Providers Database

LL.  **Pages 750 – 771 -** Freeman v. River Manor Corp, et al; United States District Court for the Eastern District of New York (Filed 08/31/2017; 17-cv-05162)

MM.  **Page 772 -** Summons and Notice of Pre-trial Conference

NN.  **Pages 773 – 786 -** Complaint

OO.  **Pages 787 – 798 -** Answer to Summons and Complaint

PP.  **Pages 799 – 837 -** Voluntary Petition and Schedules

QQ.  **Pages 838 – 847 –** Contract Addendums
- 700 Beck Street LLC
- 1821 Topping Avenue LLC
- 1988 Morris Avenue LLC
- 1143 Forest Avenue LLC
- 1974 Morris Avenue LLC